## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOYCE GILMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:14-cv-689-MHT-PWG** |
| | ) | |
| **RDIC, LLC, and** | ) | |
| **RUSSELL LANDS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on an opposed motion for summary judgment
(Doc. 50) filed by Plaintiff Joyce Gilmore.  The motion has been briefed and is ripe
for review.  This is an action for declaratory and injunctive relief under Title III of the
Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*.  Plaintiff seeks
redress from RDIC, LLC ("RDIC"),[1] for architectural barrier violations of the ADA.
The property at issue in this litigation is located in Prattville, Alabama, and does
business as Russell Do-It Center.  It is undisputed that Defendant owns and operates
this business.  Plaintiff alleges that she is a person with a qualifying disability who
lives 5.4 miles from RDIC's Prattville location, and that she desires to visit RDIC in

---

[1] On April 21, 2015, Defendant Russell Lands, Inc., was dismissed as a party
to these proceedings.  (Doc. 37).

1

the future. (Doc. 8 at ¶¶ 5-6).  Plaintiff asserts that she is disabled within the meaning of the ADA because she suffers "from sever Crohn's disease, a permanent inflammatory bowel disease ... and an associated inflammation disorder that results in generalized joint inflamation and arthritis throughout the joints of her arms, hands, and legs."[2] (Doc. 8 at ¶ 3).  Plaintiff alleged that RDIC made some minor repairs, but has refused to make more costly repairs and does not "intend to comply with the ADA." (Doc. 8 at ¶ 6).  Therefore, Plaintiff alleged that  she "has been denied full and equal enjoyment of [RDIC's] premises on the basis of her disability."[3] (Doc. 8 at ¶ 7).

## I.   JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal cause of action.  The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both.  *See* 28 U.S.C. § 1391.   On November 25, 2014, the above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 16); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,*

---

[2] For the purposes of summary judgment, RDIC does not challenge that Plaintiff is a disabled individual under the ADA. (Doc. 57 at p.15).

[3] Defendants answered the Amended Complaint denying "plaintiff's allegations that defendant is in violation of the ADA and ... that plaintiff is entitled to any relief whatsoever." (Doc. 32 at ¶ 20).

447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.    SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant.  *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences

are resolved in favor of the non-movant. *See Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). When opposing a motion for summary judgment, however, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. "If the evidence [presented by the nonmoving party to rebut the moving party's evidence] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (internal citations omitted).

## III.   BACKGROUND AND STATEMENT OF MATERIAL FACTS

On August 28, 2012, counsel for Plaintiff sent a letter to RDIC alleging that it was in violation of the ADA and had discriminated against Plaintiff pursuant to the ADA. (Doc. 10-1 at pp.1-2). The letter alleged 10 numbered violations of the ADA and alluded to other undisclosed violations. (Doc. 10-1 at pp.1-22). RDIC hired ADA compliance expert James G. Scott, who conducted an evaluation on the RDIC property and suggested improvements to bring RDIC into compliance with the ADA. (Doc. 8 at ¶ 6.d.; Doc. 57-2). Based on the recommendations of Scott, RDIC made improvements intended to remedy the ADA public accommodation barriers and

notified Plaintiff's counsel of those improvements. (Doc. 8 at ¶ 6.e.; Doc. 57-3).

Unsatisfied with the improvement made by RDIC, Plaintiff filed her Complaint in this court on July 18, 2014, alleging 26 violations of the ADA. (Doc. 1 at ¶ 14.a.-z.).[4]   RDIC answered Plaintiff's Complaint with a general denial that it was in violation of any provision of the ADA. (Doc. 32 at ¶¶ 17-20).   On November 23, 2015, Plaintiff filed her motion for summary judgment, alleging that Plaintiff's "testimony" and the report of her ADA expert Kirk Tcherneshoff provide undisputed evidence of all the elements necessary to establish that she is entitled to judgment as a matter of law to have the barriers removed to the maximum extent feasible. (Doc. 50 at p.15, 23).

## IV.   DISCUSSION

As an initial matter, Plaintiff argues in response that Scott's affidavit (Doc. 56-4) cannot be properly considered because it was submitted after the "discovery cutoff" of October 30, 2015, and that "[w]ithout the affidavit, the evidence is undisputed as to the violation of the design standards and the appropriate relief." (Doc. 58 at pp.1-2).   Plaintiff offers no citation to authority to support her proposition that this court is barred from considering an affidavit submitted after a discovery

---

[4]Plaintiff amended her Complaint on September 24, 2014, alleging 16 specific violations of the ADA. (Doc. 8 at ¶ 17.a.-p.).

deadline but contemporaneously with a filing in opposition to a motion for summary judgment.  Moreover, Plaintiff has not moved this court to strike Scott's affidavit. Rule 56(c)(4), Fed. R. Civ. P., states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Accordingly, consideration of Scott's affidavit is proper pursuant to Rule 56(c)(4), Plaintiff's argument is without merit, and as Plaintiff notes, the affidavit of Scott does dispute the evidence upon which Plaintiff would rely for her motion for summary judgment.[5]

> Title III of the ADA provides that:
>
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 531 U.S. 661, 674 (2001).  The purpose of the ADA is, therefore, remedial and not punitive.

Congress enacted the ADA on January 25, 1993. After this date,

---

[5]In a court-ordered statement of justiciable issues, Plaintiff admitted that "RDIC's expert report states some of the violations differently than [Palintiff]'s report states them..." (Doc. 40 at p.5).

facilities have to meet exacting design and implementation standards to be in compliance with the ADA. The ADA imposes different requirements on the owners and operators of facilities that existed prior to its enactment date. For those facilities, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Where removal is not "readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(v).

*Gathright Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272-73 (11th Cir. 2006).

New construction (and alterations[FN1] to a facility affecting its usability) built after the enactment of the ADA must be designed to make the facility "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs" to the maximum extent feasible. *Id*. § 12183(a)(2). Failure to make such construction (and alterations) accessible constitutes intentional discrimination. *Id*.

_____

[FN1] Not every change to an existing facility is an "alteration" under the statute. Relevant regulations define alteration as "a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof." 28 C.F.R. § 36.402.

*Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 415 (11th Cir. 2011).

"A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the

meaning of the ADA. 42 U.S.C. § 12182(a).” *Norkunas*, 444 F. App'x 412, 416 (11th Cir. 2011).  For the purposes of summary judgment, the parties do not dispute  that Plaintiff “is disabled or that the subject property is owned by [RDIC] and is a place of public accommodation.” (Doc. 57 at p.15).   Accordingly, the sole issue for determination is whether RDIC discriminated against Plaintiff under the ADA. Plaintiff argues that she has “previously presented undisputed evidence about the existence of barriers at the [RDIC's] property...” and lists 16 specific improvements that she argues are necessary to remove the alleged barriers. (Doc. 50 at pp.22-26).

In response, RDIC argues that it “responded in good faith to plaintiff's original assertions of ADA violations by hiring an expert and seeking to make improvement to remedy those items its expert noted” such that “those areas meet the ADA Guidelines or fall within acceptable variation standards.” (Doc. 57 at p. 16).  RDIC further notes that “there are factual differences where measurements made by plaintiff's expert are not the same as those made by [RDIC's] expert” and that “numerous alleged areas where plaintiff asserts there was discrimination ... actually fall within acceptable construction building tolerances, have other means of equivalent facilitation, or are temporary barriers only.” *Id*.  RDIC relies in part on the affidavit submitted by its expert, in which Scott states, among other things, that his measurements of various slopes are significantly different from those reported by

Tcherneshoff and that Scott's measurements "are within acceptable conventional construction tolerances." (Doc. 57-4 at ¶¶ 4-6, 10). Scott also argues that a number of the alleged barriers could be remedied by improvements as simple as the placement of planters or changing the location of seasonal merchandise and nonstructural display items to compliant areas. (Doc. 57-4 at ¶¶ 6-9, 11). Scott's affidavit further states that several other alleged barriers have either been removed or removed to the maximum extent possible under the applicable standards. (Doc. 57-4 at ¶¶ 12-14). Moreover, Plaintiff appears to concede that but for Scott's affidavit, Plaintiff's evidence would be undisputed. (Doc. 58 at p.1).[6]

> It is well established that "[t]he district court's function, in a summary judgment proceeding, is not to resolve factual issues but to determine whether there exists a genuine issue of material fact. In making its determination, the court may not weigh conflicting affidavits to resolve disputed fact issues." *Farbwerke Hoechst A.G. v. MV Don Nicky*, 589 F.2d 795, 798 (5th Cir. 1979). *Tobelman v. Missouri-Kansas Pipe Line Co.*, 130 F.2d 1016, 1018 (3rd Cir. 1942). *Frey v. Frankel*, 361 F.2d 437, 442 (10th Cir. 1966).

*Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1299 (11th Cir. 1983). Accordingly, the factual issues in dispute between the parties, as evidenced by their conflicting reports, affidavits, and allegations demonstrate that there exist genuine issues of material fact as to both the existence of certain barriers and the

---

[6] "Without [Scott's] affidavit, the evidence is undisputed as to the violation of the design standards and the appropriate relief." (Doc. 58 at p.1)

appropriate improvements necessary to remove those barriers.  Therefore, Plaintiff's motion for summary judgment is due to be denied.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's motion for summary judgment  (Doc. 50) is due to be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 15, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 1st day of April,  2016.

                             /s/ Paul W. Greene
                             United States Magistrate Judge